UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHLAND RADIOLOGY,
INC.,

      Plaintiff,

v.

CORNERRA DOZIER,

      Consolidated
      Plaintiff,

v.

GREYHOUND LINES, INC.

      Defendant,

v.

GERALD J. SNYPE,

      Consolidated
      Defendant.

Case No. 4:20-cv-11091
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

# ORDER GRANTING DEFENDANTS' MARCH 23, 2021 MOTION TO COMPEL (ECF No. 23)

**A.     Background**

   **1.     Dozier's lawsuit (Case No. 4:20-cv-11600)**

On April 2, 2020, Cornerra Dozier filed a lawsuit in state court against Gerald J. Snype and Greyhound Lines, Inc. based on an October 16, 2018 motor vehicle collision. (ECF No. 1-2, ¶¶ 7-23 [Case No. 20-004868-NI (Wayne County Circuit Court)].) The complaint sets forth several causes of action: (a) breach of contract/no fault benefits; (b) attorney fees and statutory interest; (c) request for declaratory judgment; (d) negligence as to both Defendants; (e) owner liability MCL 257.401 as to Defendant Greyhound; and, (f) negligent entrustment as to Defendant Greyhound. (ECF No. 1-2, ¶¶ 24-60.)

Defendants removed the case to this Court on June 17, 2020.

   **2.     Northland Radiology's lawsuit (Case No. 4:20-cv-11091)**

Meanwhile, on April 6, 2020, Northland Radiology, Inc., as assignee of Cornerra Jackson-Dozier, filed a lawsuit in state court against Greyhound Lines, Inc. (ECF No. 1-2 [Case No. 20-004989-NF (Wayne County Circuit Court)].) Northland Radiology's causes of action are based on: (a) an assignment of rights; and, (b) a direct cause of action. (ECF No. 1-2, PageID.11-15 ¶¶ 6-27; *see also* ECF No. 1-2, PageID.17-18, 20-21.)

### B. Discovery Requests

On July 1, 2020, Defendants served various discovery requests, including: (1) Defendants Snype's Requests to Produce Documents (Nos. 1-39); (2) Defendant Snype's Interrogatories (Nos. 1-11); and, (3) Defendant Greyhound's Requests to Admit (Nos. 1-10) and Interrogatories/Notices to Produce (Nos. 1-10). (ECF No. 23-3.) Absent an agreement or an order stating otherwise, answers and responses to these discovery requests were due on or about July 31, 2020. *See* Fed. Rules Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

Defendants set forth a timeline of events. (*See* ECF No. 23, PageID.347.) Plaintiff served initial disclosures on July 9, 2020. (ECF No. 23-4.) It seems Plaintiff served responses to the Requests to Admit on July 27, 2020 (ECF No. 23-9), and perhaps also in early September 2020 (ECF No. 23-11). The record contains two versions of Plaintiff's responses to Defendant Snype's Interrogatories – one dated September 21, 2020 (ECF No. 23-5) and another dated September 23, 2020 (ECF No. 23-7, ECF No. 31-1, PageID.551-552). At oral argument, upon questioning from the Court, Plaintiff confirmed that the latter of these two sets should be considered the definitive answers. Regardless, both sets were woefully late, and neither set was signed by Plaintiff Dozier, let alone "under oath[,]" as required by Fed. R. Civ. P. 33(b)(3). To date, nearly ten months later and despite a motion to compel being filed last month, this still has not been accomplished. Although the

date of Plaintiff's answers to Defendant Greyhound's interrogatories and notices to produce is unclear (ECF No. 23-6), Plaintiff provided supplemental answers dated April 6, 2021, two-and-a-half weeks after this motion was filed (ECF No. 31-1, PageID.554-564). Neither set of responses to Defendant Greyhound's interrogatories were provided under oath, or, for that matter, signed by Plaintiff Dozier.

### C. Consolidation

On September 17, 2020, Judge Leitman consolidated the Dozier and Northland Radiology cases. (ECF Nos. 8, 9.) On January 20, 2021, Plaintiff Dozier filed a motion to amend her complaint to include an additional Defendant, National Union Fire Insurance Company of Pittsburgh ("National Union"), as PIP carrier. (ECF No. 11.) Defendants Greyhound and Snype have filed a response (ECF No. 18), and Judge Leitman held an April 20, 2021 hearing, granting the motion in part and denying it without prejudice in part.

### D. Instant Motion

Currently pending before the Undersigned is Defendants Snype and Greyhound's March 23, 2021 motion to compel Plaintiff Cornerra Dozier to provide full and complete initial disclosures, answers to interrogatories and responses to request to produce. (ECF Nos. 23, 24.)

Plaintiff Dozier filed a response on April 6, 2021. (ECF No. 31.)

Defendants have filed a reply (ECF No. 33), the attachments to which include an April 8, 2021 letter and a "proposed" stipulation and order partially resolving Defendants' motion to compel (ECF No. 33-2, PageID.579-585).[1]

The Court held a video hearing for April 19, 2020, at which Attorneys Gary R. Blumberg, Brandon T. Wolfe, and Mark E. Shreve appeared. As was made clear on the record, Plaintiff's counsel did not agree to the April 15, 2021 joint list of unresolved issues, but he also did not fulfill his own obligation to advise the Court as to resolved or unresolved issues, which is why defense counsel unilaterally had to file the "joint" statement required by my Practice Guidelines. (ECF No. 34.)[2]

---

[1] The letter and proposed stipulation and order (ECF No. 33-2) appear to have followed the parties' meet and confer, which apparently occurred on March 31, 2021. As noted at the April 19, 2021 hearing, the Court is disturbed by Plaintiff's counsel's admission that he recorded this meeting without seeking permission from opposing counsel. The Court is also not happy that the proposed stipulation and order appears to contain the electronic signature of Plaintiff's counsel when he did not in fact approve it (ECF No. 33-2, PageID.585); defense counsel admits that this was an error by his paralegal, although notably the error was not compounded by adding the typical "with consent" or "with permission" verbiage. The Court also notes that, while this proposed stipulation and order was attached to Defendants' brief by way of illustration, it was never actually submitted through CM/ECF utilities for entry as an order.

[2] Plaintiff Dozier also failed to: (a) provide a judge's copy of her response brief to chambers, as she is required to do by my Practice Guidelines and as she was twice directed to do (ECF Nos. 25 & 26); and, (b) follow the briefing requirements of this Court, as set forth in E.D. Mich. LR 7.1(d)(2) ("A brief supporting a motion or response must, at the beginning, contain a concise statement of the issues presented

**E.     Order**

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendants' March 23, 2021 motion to compel (ECF No. 23) is **GRANTED**.  Preliminarily, and as Plaintiff has admitted, the various discovery responses (ECF Nos. 23-5, 23-6, 23-7 and 23-8) – which include the deficient, unsworn interrogatory answers – were significantly tardy under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  (*See* ECF No. 23, PageID.337-338 ¶ 6, admitted at ECF No. 31, PageID.540 ¶ 6.)  Accordingly, all of Plaintiff's objections – including Plaintiff's late objection that Defendant has served more than 25 interrogatories (Fed. R. Civ. P. 33(a)(1)), which Plaintiff admitted during the hearing was asserted for the first time in her April 6, 2021 response (*see* ECF No. 31, PageID.547-549, ECF No. 31-1) – have been waived as untimely and, thus, are **OVERRULED**.  Fed. Rules Civ. P. 33(b)(2), 34(b)(2)(A).  Moreover, this objection, like others, is waivable.  *In re Dow Corning Corporation*, Case No. 95-CV-20512, 2010 WL 3927728 at *12 (E.D. Mich. June 15, 2010) (Hood, J.).  To be clear, the Court does not excuse the failure to timely object to the interrogatories.  Fed. R. Civ. P. 33(b)(4).

More specifically, the Court makes the following rulings:

---

and, on the following page, the controlling or most appropriate authority for the relief sought.")

**(1)** as for Plaintiff's **initial disclosures** (ECF No. 23-4), the Court finds that they are incomplete. It seems that some of the disclosures, which were due many months ago, came in response to Defendants' motion, *i.e.*, by way of Plaintiff's April 6, 2021 response (ECF No. 31, PageID.543-547); however, defense counsel should not have had to file a motion to get that information. The Court agrees that Plaintiff should be compelled to amend and supplement her disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii). (*See* ECF No. 34, PageID.603-604.) Accordingly, no later than **Monday, May 10, 2021**, Plaintiff **SHALL** serve amended initial disclosures, which should be broken down as it is broken down in Rule 26 for the applicable sections *and as modified by this Court's directive*, *i.e.*: **(a)** "the name and, if known, the address [and email address] and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[,]" Fed. R. Civ. P. 26(a)(1)(A)(i);[3] **(b)** "a copy…of all documents, electronically stored information, and tangible things that the disclosing party [or her counsel have] in [their] possession, custody, or control

---

[3] As explained on the record, Plaintiff need not name each and every subordinate healthcare provider, but she must disclose any primary treater, such as doctors, physician assistants, nurse practitioners, *etc*. As further explained from the bench, the Court expects contact information, <u>for both initial disclosures and interrogatory responses</u>, to include email addresses.

7

[appropriately Bates-stamped] and [that Plaintiff Dozier] may use to support [her] claims or defenses, unless the use would be solely for impeachment[,]" Fed. R. Civ. P. 26(a)(1)(A)(ii); and, **(c)** "a computation of each category of damages claimed by the disclosing party--who must also [produce] as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[,]" Fed. R. Civ. P. 26(a)(1)(A)(iii).[4] Fed. R. Civ. P. 26(a)(1)(A)(iv)'s requirement to disclose insurance information does not apply to Plaintiff Dozier, as conceded by defense counsel at the hearing.

**(2)** as for Plaintiff's answers to Defendant Snype's July 1, 2020 **interrogatories** (ECF No. 23-3, PageID.372-380), Plaintiff did not dispute that she has failed to provide signed, sworn interrogatory answers to the Defendants as required by Fed. R. Civ. P. 33. Plaintiff directed the Court's attention to the latter answers, *i.e.*, those dated September 23, 2020 (ECF No. 23-7). The Court

---

[4] As explained on the record, any production made pursuant to this subsection may be made under the protective order (which, incidentally, does not appear to be filed in this case), if warranted. Plaintiff is reminded that she put certain medical records into issue by bringing her claims for relief. While Plaintiff is not required to give specific numbers as to pain and suffering (as these are matters that can be examined during her deposition and are not amenable to exact calculation), Plaintiff must give specific numbers for anything capable of being reduced to a number, to date. Moreover, if Plaintiff is seeking future damages, then she will need to supplement, as a matter of course. *See* Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses.")

agrees that Plaintiff should be compelled to amend and supplement her answers to Interrogatory Nos. 1-11 in accordance with Fed. R. Civ. P. 33(b) ("Answers and Objections."), although – as noted above – any objections have been waived as untimely and shall not now be asserted. Therefore, no later than **Monday, May 10, 2021**, and with particular attention to Rule 33(b)(3) ("Answering Each Interrogatory."), Plaintiff **SHALL** amend her answers to Defendant Snype's interrogatories (ECF No. 23-7) and Defendant Greyhound's requests (ECF No. 31-1) and serve the supplemental answers upon the respective Defendants. <u>The answers must be complete, responsive, and signed under oath by Plaintiff</u>. Where a discovery requests is broken down into subparts, it must be answered in subparts, so that it is clear what the answer to each subpart is. If the answer to the request is, "I do not know," or, "there is no evidence," it needs to be clear. The Court provides the following, further guidance as to specific requests, many of which were set forth in the list of unresolved issues (ECF No. 34, PageID.605-609) or specifically discussed at the hearing, although this guidance does not excuse Plaintiff Dozier from strictly complying with the Federal Rules of Civil Procedure or the directives of this Order as to any other specific requests, *i.e.*, this guidance is not mutually exclusive, but merely illustrative:

- The current, substantive response to Plaintiff's answer to Defendant Snype's <u>Interrogatory No. 6 (</u>which seeks

9

information about future medical treatment), namely, "yes, physical therapy would be helpful[,]" (ECF No. 23-7, PageID.430), is non-responsive. The defense is entitled to know the basis of Plaintiff's claim that she needs future treatment. If Plaintiff has been advised that she needs future treatment, then Plaintiff should specify the exact nature of the recommended treatment and by whom it was recommended. If Plaintiff has not been advised that she needs future treatment, then Plaintiff should state so.

- Plaintiff's answer to Defendant Snype's Interrogatory No. 7 (ECF No. 23-7, PageID.431-432) is nonresponsive to subparts B and C. Plaintiff Dozier needs to make it clear whether a statement has been obtained, by whom it was obtained, and the nature of the statement, as well as provide detail as to all factual or opinion information or testimony that she anticipates the witness to give.

- Plaintiff's answer to Defendant Snype's Interrogatory No. 9 (ECF No. 23-7, PageID.433-434) is deficient, as it does not include addresses, claim numbers and/or case numbers, nor does it include "the date Plaintiff made any application for benefits or damages," or "the type and amounts of benefits or damages received."

- Plaintiff's answer to Defendant Snype's Interrogatory No. 11 (ECF No. 23-7, PageID.434) is deficient. Preliminarily, Plaintiff admitted that there is no legal basis for an "impermissible narrative" objection to an interrogatory from an adversary. More to the point, the defense is entitled to know the good faith basis that Plaintiff Dozier had to plead these allegations *when she submitted them on April 2, 2020*, not to mention whatever knowledge or evidence she presently possesses in support of these claims, whether of her own accord or constructively through counsel. *See* Fed. R. Civ. P. 11(b) ("Representations to the Court."); M.C.R. 1.109(E)(5) ("Effect of Signature."). Interrogatory No. 11 is phrased to determine Plaintiff's bases for several of the paragraphs (¶¶ 12, 13, 15, 16,

10

40, 41, 42, 54, 55 and 56) within her complaint.  The defense is entitled to know the bases for Plaintiff's claims and allegations made within the complaint.  If she has responsive information, then she must supply it.  If she does not have responsive information or lacks knowledge or evidence, then she should so state.  Of course, Plaintiff will have to consider for herself whether allegations she made should be withdrawn or not.  Put another way, if Plaintiff does not have a good faith basis for any allegation made within her complaint, then she should consider withdrawing it, lest she be subject to a defense motion to strike (*e.g.*, Fed. R. Civ. P. 12(f)) or for sanctions (*e.g.*, Fed. R. Civ. P. 11(c)) or both.  As explained from the bench, pleading an allegation "upon information and belief" requires that the party be subject to disclosing the information or explaining the basis of the belief. (Query: "What information?" and "What belief?")

**(3)** As for Plaintiff's responses to Defendant Snype's July 1, 2020 **requests to produce** (ECF No. 23-3, PageID.363-371), Plaintiff points to the submission of responses by way of a September 23, 2020 letter (ECF No. 31-1) and/or the October 9, 2020 e-mail (ECF No. 23-8).  The Court concludes that Plaintiff needs to respond to the requests to produce in a manner consistent with Fed. R. Civ. P. 34(b)(2) ("Responses and Objections."), although – as noted above – any objections have been waived as untimely.  Therefore, no later than **Monday, May 10, 2021**, and with particular attention to Rule 34(b)(2)(B) ("Responding to Each Item."), Plaintiff **SHALL** serve Bates-stamped documents and written responses that include Bates-stamp references in her written responses where possible.  Defendants are entitled to know which documents are responsive to which requests and should not have to sort through a "document

dump," even a small one, to figure it out for themselves.

**(4)** as for Defendants' request for costs and attorney fees (ECF No. 23, PageID.338, 353), the Court **GRANTS** this request. Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is _granted_--or if the disclosure or requested discovery is _provided after the motion was filed_--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphases added). Defendants have up to and including **Monday, May 3, 2021** by which to file a supported and sworn statement of such expenses, which must heed the expectations explained from the bench; no later than **Monday, May 17, 2021**, Dozier may file any objections thereto.

Finally, Plaintiff Dozier and her counsel are warned that any failure to comply with this order may subject the disobeying party to any of the sanctions set forth in Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order."), up to and including dismissal of the case.

**IT IS SO ORDERED.**[5]

Dated: April 22, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).